UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOM LEE RAGLIN,<br><br>                    Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE. Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:11-cv-05721-KLS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EQUAL ACCESS TO JUSTIC ACT ATTORNEY'S FEES AND COSTS |

This matter is before the Court on plaintiff's motion for attorney's fees in the amount of $5,755.16, expenses in the amount of $59.92 and costs in the amount of $364.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. See ECF #16. After reviewing plaintiff's motion, defendant's response thereto and the remaining record, the Court hereby finds and orders that for the reasons set forth below, the motion is granted and plaintiff is awarded the full amount of attorney's fees, expenses and costs requested.

FACTUAL AND PROCEDURAL HISTORY

On May 10, 2012, this Court issued an order reversing defendant's denial of plaintiff's application for disability insurance benefits, and remanding this matter for further administrative proceedings. See ECF #14. Specifically, the Court found the ALJ erred in evaluating the

ORDER - 1

opinions of Randy Hurst, Psy.D., and Vern Harpole, M.D., and the impact of plaintiff's pain disorder on his symptoms and limitations, in evaluating the lay witness evidence in the record, in assessing plaintiff's residual functional capacity, and in finding him to be capable of performing other jobs existing in significant numbers in the national economy, and therefore in determining him to be not disabled. See id.  On August 7, 2012, plaintiff filed her motion for EAJA attorney's fees, expenses and costs, noting it for consideration on August 24, 2012. See ECF #16. Defendant filed his response thereto on August 20, 2012. See ECF #18.  As no reply brief has been filed, and the noting date has now passed, plaintiff's motion is ripe for consideration.

## DISCUSSION

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a) [of 28 U.S.C. § 2412], incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Thus, a claimant will be eligibility for attorney's fees, costs and expenses under the EAJA if: (1) he or she is a "prevailing party"; (2) the government's position was not "substantially justified"; and (3) no "special circumstances" exist that make an award of attorney fees unjust. Commissioner, Immigration and Naturalization Service v. Jean, 496 U.S. 154, 158 (1990).

In social security disability cases, "[a] plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees."[1] Akopyan v. Barnhart, 296 F.3d

---

[1] Section 405(g) of Title 42 of the United States Code "authorizes district courts to review administrative decisions in Social Security benefit cases." Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002).  Sentence four and sentence six of Section 405(g) "set forth the exclusive methods by which district courts may remand [a case] to the

ORDER - 2

852, 854 (9th Cir. 2002) (citing <u>Shalala v. Schaefer</u>, 509 U.S. 292, 301-02 (1993). Such a plaintiff is considered a prevailing party even when the case is remanded for further administrative proceedings. <u>See id.</u> As noted above, this matter was remanded for further administrative proceedings. As such, plaintiff thereby obtained a sentence four remand, and thus is deemed to be a prevailing party under the EAJA.

As noted, defendant's position also must not be "substantially justified." <u>Jean</u>, 496 U.S. at 158. For defendant's position to be found to be "substantially justified," normally this requires an inquiry into whether defendant's conduct was "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person" – and "had a 'reasonable basis both in law and fact.'" <u>Gutierrez v. Barnhart</u>, 274 F.3d 1255, 1258 (9th Cir. 2001) (quoting <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988)); <u>Penrod v. Apfel</u>, 54 F.Supp.2d 961, 964 (D. Ariz. 1999) (citing <u>Pierce</u>, 487 U.S. at 565); <u>see also</u> <u>Jean</u>, 496 U.S. at 158 n.6; <u>Flores v. Shalala</u>, 49 F.3d 562, 569-70 (9th Cir. 1995). Defendant has the burden of showing his position was substantially justified. <u>Gutierrez</u>, 274 F.3d at 1258.

Defendant's position must be "as a whole, substantially justified." <u>Gutierrez</u>, 274 F.3d at 1258-59. As the Ninth Circuit has explained:

> The plain language of the EAJA states that the "'position of the United States' means, in addition to the position taken by the United States in the civil

---

Commissioner." <u>Id.</u> "The fourth sentence of § 405(g) authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 98 (1991); <u>see also</u> <u>Akopyan</u>, 296 F.3d at 854 (sentence four remand is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits.") A remand under sentence four thus "becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." <u>Akopyan</u>, 296 F.3d at 854. A sentence six remand, on the other hand, "may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." <u>Id.</u> Accordingly, "[u]nlike sentence four remands, sentence six remands do not constitute final judgments." <u>Id.</u> at 855. Instead, "'[i]n sentence six cases, the filing period [for motions for EAJA attorney's fees] does not begin until after the postremand proceedings are completed, the Commissioner returns to court, the court enters a final judgment, and the appeal period runs.'" <u>Id.</u> (citing <u>Melkonyan</u>, 501 U.S. at 102).

ORDER - 3

action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *Jean*, 496 U.S. at 159, 110 S.Ct. 2316 (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation positions"). Thus we "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).

Id. at 1259 (defendant must establish it was substantially justified in terms of ALJ's underlying conduct and in terms of its litigation position defending ALJ's error); see also Kali, 854 F.2d at 332 (government's position analyzed under "totality of the circumstances" test)[2]; Thomas v. Peterson, 841 F.2d 332, 334-35 (9th Cir. 1988).

Indeed, the Ninth Circuit has stated "[i]t is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying decision would not." Sampson, 103 F.3d at 922 (quoting Flores, 49 F.3d at 570 n.11). It is true that the EAJA creates "a presumption that fees will be awarded unless the government's position was substantially justified." Thomas, 841 F.2d at 335; see also Flores, 49 F.3d at 569 (noting that as prevailing party, plaintiff was entitled to attorney's fees unless government could show its position in regard to issue on which court based its remand was substantially justified). Nevertheless, "[t]he government's failure to prevail does not raise a presumption that its position was not substantially justified." Kali, 854 F.2d at 332, 334; Thomas, 841 F.2d at 335.

Plaintiff argues the government's position was not substantially justified in this case. The Court agrees. Defendant argues the ALJ's evaluation of the medical evidence in the record was reasonable, because multiple examining physicians made findings contrary to those of Dr. Hurst

---

[2] As the Ninth Circuit put it in a later case: "[i]n evaluating the government's position to determine whether it was substantially justified, we look to the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation." Sampson v. Chater, 103 F.3d 918, 921 (9th Cir. 1996).

ORDER - 4

and Dr. Harpole. But the ALJ did not provide this as a reason for rejecting the opinions of either physician. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (error to affirm credibility decision based on evidence ALJ did not discuss). Rather, the ALJ rejected Dr. Hurst's opinion because as a psychologist, it was out of his area of expertise to give an opinion as to plaintiff's ability to work, and because the marked limitations he assessed were "inconsistent with the objective medical evidence" in the record, which revealed "only conservative treatment for" his mental impairments. ECF #14, p. 5; AR 19.

But as explained in the order reversing and remanding this matter, even defendant's own regulations treat psychologists and medical doctors equally as "acceptable medical sources." See 20 C.F.R. § 404.1513(a), (d). Accordingly, the ALJ's position that Dr. Hurst is not qualified to speak on the issue of work-related capabilities is without legal authority, and therefore cannot be seen as being substantially justified. Equally lacking in justification was the ALJ's failure to state with any specificity what objective medical evidence he found to be inconsistent with Dr. Hurst's findings, as it is clear in the Ninth Circuit that such overly general findings are wholly insufficient for an ALJ to reject the opinion of an examining physician. See Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988); see also Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996) (even when contradicted, examining physician's opinion "can only be rejected for specific and legitimate reasons"). Nor did the ALJ explain what additional treatment plaintiff should have sought for his mental impairments, given that both psychotropic medication and mental health counseling already had been pursued.

As for Dr. Harpole, again because he was plaintiff's treating physician, it was completely within his "area of expertise" to opine as to his mental health condition, particularly as it related to his back impairment, and thus the ALJ did not act reasonably in relying on this basis to reject

ORDER - 5

Dr. Harpole's opinion. See EF #14, p. 6; AR 18; Sprague v. Bowen, 812 F.2d 1226m 1232 (9th Cir. 1987) (rejecting assumption that psychiatric evidence must be offered by psychiatrist, as under general principles of evidence law, primary care physician was qualified to give medical opinion on mental state as it related to claimant's physical disability).  Nor, as with Dr. Hurst's opinion, was the ALJ justified in rejecting Dr. Harpole's opinion on the basis that it was "inconsistent with the record as a whole," and "the objective evidence of record reflects that [plaintiff's] limitations do not prevent the performance of all work activity." ECF #14, p. 6; AR 18; see also Embrey, 849 F.2d at 421; Lester, 81 F.3d at 830-31.

The ALJ, furthermore, provided no explanation as to why he did not address the impact of plaintiff's pain disorder on his functioning, even though Dr. Hurst diagnosed him with such a disorder and found he had a number of marked to severe mental functional limitations based in part on that diagnosis, and the ALJ found that disorder to be a "severe" impairment. See Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (ALJ must explain why "significant probative evidence has been rejected"); see also Cotter v. Harris, 642 F.3d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *5 ("In assessing [residual functional capacity], the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'").

The Court also rejects defendant's contention that the ALJ's treatment of the lay witness evidence in the record was reasonable.  The ALJ gave only "limited weight" to the statements of the lay witnesses, because they did not speak to plaintiff's limitations during the period at issue in this matter, namely that prior to his date last insured. AR 19.  But once more as discussed in the order reversing and remanding this case, all of those statements do relate back to the relevant

ORDER - 6

time period, and indicate limitations greater than those found by the ALJ. <u>See</u> ECF #14, pp. 11-12. Defendant argues the Court should nevertheless find the ALJ reasonably interpreted the lay witnesses' statements concerning plaintiff's functional capabilities as coming within the reduced residual functional capacity assessment provided by the ALJ. But it is not at all clear from the ALJ's decision that this is what he did. <u>See</u> AR 16, 19. But even if that is the case, the errors the ALJ committed in evaluating the medical evidence in the record alone warranted reversal of this matter and remand for further administrative proceedings, and, as discussed above, did not have a proper basis in the law, and therefore were not substantially justified.

Given the lack of substantial justification on the part of the ALJ in evaluating the above evidence in the record for the above reasons – that is, the fact that the ALJ's stated reasons for rejecting the medical and lay witness evidence did not have a reasonable basis in law and fact – the Court finds defendant also was not substantially justified in defending the ALJ's actions in federal court. In addition, because defendant has not argued or shown that special circumstances exist in this case that make an award of attorney's fees, expenses and costs unjust, or that the amount of fees, expenses and costs being requested are unreasonable, the Court finds plaintiff is entitled to the full amount thereof being requested.

## CONCLUSION

Based on the foregoing discussion, plaintiff's motion for attorney's fees, expenses and costs pursuant to the EAJA (<u>see</u> ECF #16) hereby is GRANTED. Plaintiff hereby is awarded attorney's fees in the amount of $5,755.16, expenses in the amount of $59.92 and costs in the amount of $364.00. Such fees shall be awarded to plaintiff pursuant to <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521 (2010). If it is determined that those fees are not subject to any offset allowed under the United States Department of the Treasury's Offset Program, then the fees shall be made

ORDER - 7

payable to Teal M. Parham, based upon plaintiff's assignment thereof to her attorney. Such payment shall be mailed to plaintiff's attorney, Teal M. Parham, at 910 12th Avenue – PO Box 757, Longview, Washington, 98632.

DATED this 29th day of August, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 8